## Case No. 8,850.
### McKEE v. UNITED STATES.
[Hoff. Land Cas. 173.] [1]

District Court, N. D. California. Dec. Term, 1856.

MEXICAN LAND GRANT — SUBSEQUENT PERFORMANCE OF CONDITIONS—OCCUPATION AND INHABITATION.

The objection by the board met by further testimony taken in this court.

Claim for eight leagues of land in Colusi county, rejected by the board, and appealed by claimant [William H. McKee].

E. W. F. Sloan, for appellant.

William Blanding, U. S. Atty., for the United States.

HOFFMAN, District Judge. The claim in this case was rejected by the board, not however because any doubt was entertained as to the genuineness of the grant, but because no sufficient performance of the conditions was shown. The subsequent decision of the supreme court in the Case of Fremont has established a different rule for our guidance, and the testimony taken in this court on appeal is abundantly sufficient to remove the only objection urged by the board to a confirmation of the claim. Abner Bryan swears that the rancho [Jacinto] claimed by the appellant was known as Dr. McKee's rancho; that in 1846 and 1847 he was employed by McKee to take charge of and cultivate it; that he built a house upon and planted it with corn, wheat and potatoes; that he had upon it about one hundred head of cattle, and from twenty-five to thirty horses and some hogs. The witness remained on the land until the end of 1847, when he left it, and Capt. G. Swift took charge of the stock. José Castro testifies that Rodrigues, the original grantee, was a civil and military officer of the Mexican government; that on receiving his grant he was not required to occupy the land, as his services were needed in the army. He was subsequently transferred from the military to the civil service, but was required to hold himself in readiness for service in the army. He continued to be employed until July, 1846, in the custom house at Monterey, except at intervals when he was called into military service. The witness further states that at the time of obtaining his grant in 1844, the government owed him about half of what he had earned as an officer of the army, but it was without funds to pay him, and the witness states his belief that the debt has never been paid. The grant in this case does not contain the usual condition of occupation and inhabitation, and the above testimony satisfactorily explains the reasons of the omission.

We think that there is no evidence in the case to authorize the presumption that the claim was abandoned by the grantee, or that he is now attempting to resume it owing to the enhanced value of the land. On the contrary, the reasons of his delay are fully explained, and were such as were not only received by the former government, but were immediately owing to their own express commands. We think, therefore, that a decree of confirmation should be entered.

McKEE (UNITED STATES v.). See Cases Nos. 15,683–15,689.